## CARPENTER v. DIXIE RENT-A-CAR-SYSTEM, Inc., et al.
### No. L-64-60.
Circuit Court, Broward County.
October 16, 1964.

Nichols, Gaither, Beckham, Colson & Spence, Fort Lauderdale, for plaintiff.

Welsh, Cornel, Pyszka & Carlton, Fort Lauderdale, for defendants.

Beisler, Thomas & Skaf, Fort Lauderdale, for Liberty Mutual Insurance Co.

TED CABOT, Circuit Judge.

Hearing was held September 28, 1964, on plaintiff's motion to strike notice of medical expenses lien filed by plaintiff's insurer embracing a subrogation claim pursuant to contract for medical expenses paid plaintiff by his insured, and the court has had the advices of counsel and is otherwise advised in the premises.

We are advised of no Florida cases deciding the point but conclude that since such a subrogation and assignment clause in an insurance contract is in effect an attempt to assign a chose in action based upon a personal injury claim which is not authorized by statute in this jurisdiction and is prohibited at the common law, such an assignment is invalid. See Peller, et al v. Liberty Mutual Fire Insurance Co. (District Court of Appeal, California, 1963), 34 Cal. 41, where a similar claim was disallowed, the only distinction being that in California the common law prohibition against such assignments has been enacted into statute.

Accordingly, it is ordered and adjudged that plaintiff's motion to strike the notice of medical expense lien be and the same is hereby granted and the said lien is stricken.